## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1728 | **DATE** | 7/30/08 |
| **CASE TITLE** | Damen Toy (N-94265) v. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

The Court construes Plaintiff's letter [9], received June 5, 2008, as a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and holds it in abeyance. Plaintiff is given 30 days from the date of this order to pay the $350 filing fee as directed in the Court's order of April 7, 2008. The Clerk is directed to send Plaintiff a copy of its April 7, 2008. If Plaintiff does not pay the $350 filing fee, his motion to alter or amend judgment will be denied.

■ [For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

On April 7, 2008, the Court denied Plaintiff leave to file *in forma pauperis* and directed him to pay the $350 filing fee. On May 28, 2008, the Court dismissed the action because Plaintiff did not pay the filing fee or otherwise contact the Court. The Court received a letter from Plaintiff on June 5, 2008 (erroneously dated July 2, 2008), claiming that he never received the Court's April 7, 2008, order. Because this letter was filed within 10 days of this Court's dismissal of this case, it is construed to be a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). The "mailbox rule" has been extended to motions to alter or amend judgment. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2002). It appears that Plaintiff delivered his motion to prison\jail officials for mailing within ten business days of the entry of judgment, thus making it a timely Rule 59(e) motion.

Relief under Rule 59(e) is available only if the plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht*, at 493; *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir.2007); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment ... or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enable a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59 (e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

In the instant case, Plaintiff did not receive the Court's order and therefore never had an opportunity to comply with it.  The Court accordingly holds Plaintiff's motion to alter or amend judgment in abeyance.  Plaintiff is given 30 days from the date of this order to pay the $350 filing fee as directed in the Court's order of April 7, 2008.  The Clerk is directed to send Plaintiff a copy of its April 7, 2008.  If Plaintiff does not pay the $350 filing fee, his motion  to alter or amend judgment will be denied.